Lev v Eataly USA LLC (2024 NY Slip Op 04910)

Lev v Eataly USA LLC

2024 NY Slip Op 04910

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 154470/20 Appeal No. 2763 Case No. 2024-02764 

[*1]Paula Lev, et al., Plaintiffs-Respondents,
v
Eataly USA LLC, et al., Defendants-Appellants.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Weitz & Luxenberg, P.C., New York (Meredith Abrams of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered April 16, 2024, which granted plaintiffs' motion for discovery sanctions pursuant to CPLR 3126 insofar as it struck defendants' answer for spoliation of evidence, unanimously modified, on the law and the facts, to vacate the sanction of striking Eataly's answer, substitute as a sanction an adverse inference against Eataly on the issue of prior notice of the alleged slippery hazard, and to strike the fourth affirmative defense in defendants' answer, and otherwise affirmed, without costs.
Plaintiff Paula Lev slipped on a slippery, sticky substance on the floor of defendants' establishment and was injured. Plaintiffs' counsel sent defendants a preservation letter approximately seven days following the accident. Defendants responded by producing several minutes of video of the accident itself, which was reasonably compliant with plaintiffs' request for video surveillance of "the incident." However, there was no pre-fall video footage provided to aid plaintiffs in establishing defendants' actual or constructive notice of the alleged hazardous condition on the floor. Defendants' employee, who culled the video footage provided, was no longer in defendants' employ and was not available to be deposed as to his or her reasons for selecting particular video footage. Plaintiff's counsel did not alert defendants of a need for additional video footage depicting the pre-fall circumstances at the accident site until nine months after receipt of the initial video clip, which was well after the software that operated defendants' surveillance cameras had overwritten the video surveillance from plaintiff's accident date.
Plaintiff's proof established that defendants had control over the relevant surveillance and preserved it to the extent requested, but absent deposition testimony from defendant's former employee who prepared the video clip as to his reasons for selecting the footage he or she did, the culpability issue cannot be definitively resolved. Nevertheless, the destroyed evidence video compromised the fairness of the litigation so as to warrant an adverse inference sanction (see Ferrer v Go N.Y. Tours Inc., 228 AD3d 457 [1st Dept 2024]; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 44 [1st Dept 2012]; compare DeLuc v AC & L Food Corp., 119 AD3d 450, 451-452 [2014]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024